R. J. ROBERTSON et al. v. STATE.

No. A-4582.   Opinion Filed Dec. 2, 1924.

(230 Pac. 756.)

(Syllabus.)

**Trial—Mistrial as Result of Not All Jurors Appearing When Verdict Returned.** When the jury have agreed upon their verdict, they must be conducted into court by the officer having them in charge, and if, when their names are called, they do not all appear, the rest must be discharged without giving a verdict. In such case the cause must be again tried at the same or another term.

Appeal from County Court, Comanche County; P. G. Fullerton, Judge.

R. J. Robertson and another were convicted of unlawfully conveying intoxicating liquor, and they appeal. Reversed and remanded, with instructions.

H. A. Smith and Lewis Hunter, for plaintiffs in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from a judgment of conviction rendered in the county court of Comanche county wherein the plaintiffs in error, upon a joint trial, were each sentenced to 30 days' imprisonment in the county jail, and to pay a fine of $100 for the offense of unlawful conveyance of intoxicating liquor. From the judgment rendered against

them an appeal is taken to this court, and the Attorney General has filed the following confession of error:

"This is an appeal from a judgment of the county court of Comanche county, convicting the plaintiffs in error of unlawful transportation of intoxicating liquor, and fixing their punishment at 30 days in jail, and to pay a fine of one hundred ($100.00) dollars. We find on page fifty-one of the case-made the following record, being a statement of the court:

" 'The case was submitted to the jury at 6 o'clock, with the instruction that they might, if they reached a verdict, seal the verdict and return it into court. After the jury had deliberated and reached a verdict, Joe Howenstine called the court over the telephone, and reported that the jury had reached a verdict, which was signed by him as foreman, and he had sealed the same, and informed the court that his attention had been called to the fact that his sister was seriously sick and unconscious at Minco, Okla., and requested the court to be discharged from further jury service at this term, which request was allowed by the court.

" 'Now on this 22d day of November, the jury being called, all being present, except Joe Howenstine, report to the court, and the verdict is read that it was the unanimous verdict of the jury and the verdict of each of them, and was signed by Joe Howenstine as foreman, and is received by the court as the verdict of the jury.'

"Also on page 53, journal entry, which is as follows:

" 'And now at this time, November 22, 1922, 9 a. m., the parties to this action are present as at the evening session at the time the jury retired for deliberation, and the jury comes into open court, are called, and each answers and is present except the foreman, Joe Howenstine, who was excused by the court after reaching a verdict, and the jury announced that they had agreed upon a separate verdict for each defendant and presents the same to the court.

" 'Thereupon the court examines the verdict and orders the clerk to file, record, and read the same aloud in open court, which is accordingly done, and the same were in words and figures, to wit:

" 'Verdict of Jury.

" 'In the County Court in and for Comanche County, State of Oklahoma.

" 'The State of Oklahoma, Plaintiff, v. J. R. Robertson et al., Defendant. No. 3408.

"" 'Verdict of Jury.

" 'We, the jury, empaneled and sworn to try the issues joined in the above case and a true verdict rendered according to law and the evidence, do say on our oaths that we find the defendant. J. B. Robertson, guilty as charged in the information, and leave the assessment of his punishment to the court.

" 'Joe Howenstine, Foreman.

" 'In the County Court in and for Comanche County, State of Oklahoma.'

"We also find the following journal entry on page 54 of the case-made:

" 'Thereupon the jury are polled upon their verdicts, "So say you all, gentlemen, and is this your verdict?" and they and each of them answer, "Yes."

" 'Thereupon the separate verdicts are received by the court, and the jury is discharged from further consideration in this case. Thereupon the defendants and each of them object to the verdict for the reason that the foreman was absent, and it is ordered by the court that the objection be overruled. To which ruling of the court the defendants except and exceptions are by the court allowed.

" 'Thereupon it is ordered by the court that judgment and sentence be passed upon the defendants in November 25,

1922, at 9 a. m. and it is further ordered by the court that the defendants continue on their appearance bonds pending judgment and sentence.

"Section 2735, Compiled Oklahoma Statutes 1921, is as follows:

" 'When the jury have agreed upon their verdict, they may be conducted into court by the officer having them in charge. Their names must then be called, and, if all do not appear, the rest must be discharged without giving a verdict. In that case the cause must be again tried, at the same or another term.'

"It appearing from the record that such a trial as is contemplated by the statute of the state of Oklahoma, and guaranteed to each of its citizens by the Constitution, has not been accorded the plaintiffs in error, we, therefore respectfully suggest that this cause should be reversed.

"George F. Short, Attorney General.

"N. W. Gore, Assistant Attorney General."

An examination of the record sustains the confession, and we think the same is well founded in law in view of the statutory provisions governing the rendition and reception of verdicts in criminal cases.

In addition to the section of the statutes cited in the confession of error the following numbered sections of the statute should be referred to: Sections 2731, 2732, and 2733, Compiled Statutes 1921.

There is no ambiguity of meaning in the foregoing statutory provisions. It is plainly provided that all the jurors must be present and must appear in open court at the time the verdict is returned. If all the jurors do not appear, those that do appear must be discharged without giving a verdict, and the case must be tried again at the same or another term of court.

It is evident, therefore, that the verdicts received by the court against each of these plaintiffs in error were nullities, and the sentences and judgments rendered on such verdicts are also null and void. The confession of error of the Attorney General, therefore, is sustained, and the judgment as to each plaintiff in error is set aside and the cause remanded to the trial court, with instructions to grant a new trial.

BESSEY and DOYLE, JJ., concur.